UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 11-10726 |
| | * | |
| Village Oaks Square, L.L.C. | * | CHAPTER 11 |
|    Tax I.D. No. xx-xxx-0465 | * | |
|    Debtor | * | Section " " |

## EMERGENCY MOTION FOR ENTRY OF ORDER PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR INTERIM AND FINAL ORDERS: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING ADEQUATE PROTECTION; (3) SCHEDULING AND APPROVING THE FORM AND METHOD OF NOTICE FOR A FINAL ORDER; AND (4) FOR RELATED RELIEF

NOW INTO COURT, through undersigned counsel, comes Village Oaks Square, L.L.C., the above-captioned Debtor and Debtor in possession (referred to herein as the "Debtor"), who hereby moves (this "Motion") this Court for entry of an order pursuant to sections 361 and 363 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, as amended, the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in substantially the form attached hereto as Exhibit A: (1) authorizing the Debtor to use cash collateral; (2) granting adequate protection; (3) scheduling and approving the form and method of notice of the final hearing on the Motion; and (4) for other related relief as necessary. In further support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

1

2. The statutory bases for the relief requested herein are sections 361 and 363 of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules.

## BACKGROUND

3. On this date (the "Petition Date"), the Debtor filed for relief under chapter 11 of the Bankruptcy Code. The Debtor intends to continue to operate its business and manage its property as debtor in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

## RELIEF REQUESTED

4. First Guaranty Bank, ("the Secured Creditor" or "FGB"), asserts a lien on the Debtor's rent and lease receivables, ("the Receivables"). The Secured Creditor also asserts a first mortgage on the Debtor's real property, consisting of a retail shopping center and the land on which it is situated, as well as third person guarantees. The Receivables are collected on a monthly basis and constitute the Debtor's sole source of income. The Debtor's current average monthly collections are approximately $ 7,689.00.

5. FGB's primary collateral consists of the land and buildings constituting the Village Oaks Square Shopping Center (the "Real Property") owned and operated by the Debtor. FGB is owed approximately $1,500,000.00 and the land and building have a conservative appraised value of approximately $3,200,000.00 to $3,400,000.00. (See attached Exhibit B, excerpts from the appraisal of the real property.) The Real Property is not diminishing in value, and in fact the Debtor is continuing its efforts to lease the remaining areas which will increase the value of FGB's collateral.

6. By this Motion, the Debtor respectfully requests: (a) authorization and approval, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 4001(c)(2), to (i) use cash

2

which may constitute Cash Collateral (as defined below) on an interim basis in accordance with the proposed interim order submitted herewith (the "Proposed Interim Order") and in accordance with the budget attached hereto as Exhibit C (as may be amended, supplemented, modified or extended from time to time upon approval by the Court, the "Budget") (however, with respect to the Budget, on a weekly basis the Debtor seeks authority to exceed each line item in the Budget by up to twenty percent (20%), so long as the aggregate amount of the Budget on a monthly basis is not exceeded by more than twenty percent (20%), (ii) grant adequate protection liens on the Debtor's post petition receivables or as may be ordered by the court, (iii) pending a final hearing on this Motion (the "Final Hearing"), obtain use of cash which may constitute Cash Collateral (as defined below) on a limited and interim basis to and including the date on which the Final Order is entered; and (b) in accordance with Bankruptcy Rule 4001(b)(2), that this Court schedule the Final Hearing and approve notice with respect thereto, all as more fully described in the Proposed Interim Order. The items contained in the Budget, exhibit B, do not include additional items resulting from the bankruptcy case, including US Trustee fees estimated at $109.00 per month- $325.00 quarterly; $1,200.00 in utility deposits during the first month only pursuant to 11 USC § 366; and attorney's fees which will be allowed by the court.

7. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may use cash collateral with court approval and after notice and a hearing. The Debtor seeks authority to use its Receivables and deposits and proceeds thereof, the "Cash Collateral")[1], in which the Secured Creditor may assert a valid and perfected security interest. Pursuant to 11 U.S.C. §363(e), the Court may condition the use of such cash collateral "as is necessary to provide adequate protection of the interests of the Secured Creditor in the Cash Collateral.

---

[1] The Debtor reserve its rights with respect to whether its post-petition revenues constitute cash collateral under 11 U.S.C. § 363(a).

Pursuant to 11 U.S.C. §361, when a secured party's interest in cash collateral is entitled to adequate protection, such adequate protection may be provided by, among other things, an additional or replacement lien on assets generated post-petition "to the extent that such ... use ... results in a decrease in value of such entity's interest in the cash collateral." Given that the Secured Creditor may assert liens on substantially all of the Debtor's assets, the Debtor proposes to grant it a replacement lien on post-Petition Date assets, having the same respective priority as its prepetition liens, including post-petition Receivables, to secure any post-petition diminution in value of cash which may constitute Cash Collateral thereof to the extent such interests are entitled to adequate protection against such diminution under the Bankruptcy Code.

## DISCUSSION

8. <u>The Need for Use of Cash Collateral</u>. The Debtor has an immediate need to use Cash Collateral for the purpose of meeting necessary expenses incurred in the ordinary course of its business, maintenance, repair, taxes, upkeep, utility expenses, maintenance costs, and the costs associated with its restructuring and this proceeding, while it restructures and reorganizes its indebtedness and business in a manner that maximizes value and is fair and equitable to all parties in interest. The Debtor estimates at this time based on the Budget that the Debtor's unencumbered cash on hand, the Cash Collateral, and future revenue from continued operations will be sufficient to fund the Debtor's continued operations during the period set forth in the Budget.

9. The Budget provides for the payment of essential ordinary course operating expenses during the Budget period. Ceasing operations is not in the best interests of any party to this chapter 11 case, including the Secured Creditor, as the Debtor's failure to operate will

immediately and irreparably impair (a) the Debtor's extrinsic value and (b) the Debtor's ability to use Cash Collateral to generate cash proceeds in excess of the amount of the Cash Collateral.

10. <u>Proposed Adequate Protection</u>. Whether or not a creditor is adequately protected is determined on a case-by-case basis. See <u>In re O'Connor</u>, 808 F.2d 1393, 1396 (10th Cir. 1987) (stating that the concept of adequate protection is a flexible one and that courts should determine whether it exists on a case-by-case basis); <u>In re Self</u>, 239 B.R. 877, 881 (Bankr. N.D. Tex. 1999) (determination of adequate protection is not an "exact science"; rather, it requires a court to balance all relevant factors); <u>In re JKJ Chevrolet, Inc.</u>, 190 B.R. 542, 545 (Bankr. E.D. Va. 1995) (stating that adequate protection is determined on a case-by-case basis).

11. Adequate protection exists by virtue of augmentation (or preservation) of the value of a secured creditor's collateral. See <u>In re Ralar Distribs., Inc.</u>, 166 B.R. 3, 6(Bankr. D. Mass. 1994) ("[a]ctivities of a debtor can enhance collateral value and thereby provide adequate protection"); <u>In re T.H.B. Corp.</u>, 85 B.R. 192, 195 (Bankr. D. Mass. 1988) ("[T]he stream of cash collateral will likely remain at an approximate even level over a sustained period, with new proceeds replacing old. The constant nature of this stream gives the [secured lender] protection for its cash collateral."); <u>In re Pursuit Athletic Footwear, Inc.</u>, 193 B.R. 713, 716-717 (Bankr. D. Del. 1996) (court found secured creditor was adequately protected given lack of evidence that collateral was diminishing, debtor had operated profitably and was projected to continue operating profitably); <u>In re Pine Lake Vill. Apartment Co.</u>, 19 B.R. 819 (Bankr. S.D.N.Y. 1982) (where property which secured mortgagee's claim was experiencing no depreciation and was arguably being enhanced in value and where the value of the property securing the claim was increasing to the extent of unspent rental income being accumulated in segregated cash collateral accounts, mortgagee had adequate protection).

{00313606-3}

5

12. As adequate protection to secure any diminution of the Secured Creditor's valid and enforceable liens, if any, on Cash Collateral as a result of the Debtor's use of Cash Collateral hereunder (collectively, the "Post-Petition Obligations"), the Secured Creditor will be granted, effective immediately and without the necessity of the execution by the Debtor of financing statements, mortgages, security agreements, or otherwise, in accordance with section 361(2) of the Bankruptcy Code, replacement security interests in and liens on (the "Adequate Protection Liens") all post-petition assets of the Debtor and its estates on which the Secured Creditor held valid and perfected liens as of the Petition Date and all proceeds, rents and products of all of the foregoing and all distributions thereon (collectively, the "Post-Petition Collateral"), in the same respective priority they held prior to the Petition Date, and subject only to valid, perfected, enforceable and nonavoidable liens and security interests granted by law or by the Debtor to any person or entity that were superior in priority to the prepetition security interests and liens held by the Secured Creditor, and only to the extent such prepetition senior liens are not otherwise subject to avoidance or subordination, which Adequate Protection Liens are granted to secure the amount of any post-petition diminution in the value of the Secured Creditor's interests in the Cash Collateral to the extent such interests are entitled to adequate protection against such diminution under the Bankruptcy Code. Notwithstanding the foregoing or anything herein to the contrary, the Post-Petition Collateral shall not include any claims, causes of action and proceeds thereof arising under sections 510, 544, 545, 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code (collectively, "Avoidance Actions").

13. The Debtor asserts that all Cash Collateral now existing and hereafter acquired will be deposited and maintained by the Debtor in certain bank accounts (the "Accounts"),

{00313606-3}

6

pending disbursement in the ordinary course of business of the Debtor consistent with the provisions of this Proposed Interim Order and the Budget.

14. The Budget includes (a) the Debtor's aggregate projected sources and uses of cash over the Budget period and (b) summaries of the Debtor's operating properties' impact on and contributions to the Debtor's cash Budget. The Budget attached to the Motion demonstrates that the value of the Debtor's Cash Collateral will increase over the term of the Budget. This increase provides adequate protection to the interests of the Secured Creditor.

15. <u>Interim Approval of the Use of Cash Collateral Should Be Granted</u>. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 may not be commenced earlier than fourteen (14) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate.

16. Pursuant to Bankruptcy Rule 4001(b), the Debtor request that the Court conduct a preliminary expedited hearing as soon as practicable (the "<u>Preliminary Hearing</u>") to enter the Proposed Interim Order authorizing the Debtor to use Cash Collateral in an aggregate amount not to exceed the amounts set forth in the Budget (other than as described herein) attached to the Proposed Interim Order pending the Final Hearing.

17. The ability of the Debtor to finance, through the use of Cash Collateral, its ongoing operations as it restructures its indebtedness and business for the benefit of all creditor constituencies is in the best interests of the Debtor, all of its creditors and its estate. The relief requested herein is necessary in order to avoid immediate and irreparable harm and prejudice to the Debtor's estate and to all parties in interest in the Debtor's chapter 11 case. The Debtor has

{00313606-3}

an immediate need to use Cash Collateral to continue its business operations while it pursues a restructuring or alternate exit to this chapter 11 case. The Debtor's business will be immediately and irreparably harmed without authorization from the Court to use Cash Collateral, as requested, on an interim basis pending the Final Hearing.

18. The interests of the Secured Creditor in the Cash Collateral will be adequately protected pursuant to the Proposed Interim Order. Additionally, the Bank, the secured creditor, in this case is adequately protected by the significant equity in the real property securing its claim. As indicated by the Budget, the Debtor's operations will be cash flow positive during the period covered therein after payment of essential expenses and expenses related to the administration of this chapter 11 case. Additionally, also as indicated by the Budget, the value of the Debtor's hard assets will not decline during the Budget period, because the Budget allocates funds sufficient for standard and routine maintenance.

19. The terms of the Proposed Interim Order are incorporated herein and made a part hereof by this reference. Pending the Final Hearing, this Motion should be granted on an interim basis, on the terms set forth in the Proposed Interim Order, in order to maximize the value of the estates and to prevent irreparable harm to the Debtor prior to the Final Hearing.

## REQUEST FOR FINAL HEARING

20. Finally, pursuant to Bankruptcy Rule 4001(b)(2), the Debtor respectfully requests that this Court set a date for the Final Hearing that is no less than fourteen (14) days from the Petition Date and approve the provisions for notice of such Final Hearing that are set forth in the Proposed Interim Order.

21. The Debtor requests that it be authorized to serve a copy of the signed Interim Order, which fixes the time and date for filing objections, if any, by first-class United States Mail

upon all secured creditors of record, the Office of the United States Trustee, the Debtor' twenty (20) largest creditors and any party having filed a request to receive service in the Debtor's chapter 11 case. The Debtor requests that the Court consider such notice of the Final Hearing to be sufficient notice under Rule 4001 of the Bankruptcy Rules.

## NOTICE

22. Notice of this Motion has been given to (i) the United States Trustee; (ii) the Secured Lender through its counsel; (iii) the 20 largest unsecured creditors; (iv) all parties who request notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; (v) the Internal Revenue Service; (vi) all parties entitled to notice under Rule 2002(j) of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

**WHEREFORE**, Village Oaks Square, L.L.C., the Debtor herein, respectfully requests that this Court (a) conduct an emergency hearing on this Motion; (b) enter the Proposed Interim Order substantially in the form submitted herewith; (c) schedule a Final Hearing on the relief requested herein; and (d) grant such further relief as may be equitable and just.

This 9th day of March, 2011.

Respectfully submitted:
Heller, Draper, Hayden, Patrick & Horn, LLC

_____
Jan M. Hayden, La. Bar No. 06672
Barry W. Miller, La. Bar No. 09678
Cherie D. Nobles, La. Bar No. 30476
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Telephone: 504-299-3300
Fax: 504-299-3399
jhayden@hellerdraper.com
bmiller@hellerdraper.com
cnobles@hellerdraper.com
***Proposed Counsel for Debtors***